Ms. Carla Hornsby Ms. Sharon Johnson Ms. Betty Massanelli Ms. Joy Matthews c/o Mr. Ken Ferguson, Director of Human Resources City of Pine Bluff 200 E. 8th Avenue, Room 104 Pine Bluff, AR 71601
Dear Mr. Ferguson:
You have requested my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 et seq. (Repl. 2002 and Supp. 2003). You have submitted your request pursuant to A.C.A. § 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA.
The supporting information you have provided reflects that the FOIA requester in this instance seeks your name, home address, home phone number, work phone number, date of hire, pay rate, job classification, department, shift, and e-mail address. According to the "Appeal Form" you have submitted, the custodian has informed you that the documents he intends to release include your name, rate of pay, department, date of hire and job classification. It thus appears at this point that the custodian does not intend to release your home address, home phone number, work phone number, shift, or e-mail address.
RESPONSE
It is my opinion that the custodian's decision to release your name, rate of pay, department, date of hire and job classification is consistent with the FOIA. Additionally, the custodian has correctly decided not to release your home address and, assuming it is at issue, your personal e-mail address. As a general matter, however, it is my opinion that a decision not to release your work phone number and your work e-mail address is inconsistent with the FOIA. With regard to your home phone number, the disclosability of this information will in my opinion depend upon whether it is listed or unlisted and whether there is any attendant special privacy interest. Finally, I lack sufficient information to determine whether the custodian has correctly decided not to release the "shift" information. I will, however, set out what I believe to be the relevant legal test to be applied under the particular facts.
DISCUSSION
Records reflecting the information sought in this instance likely constitute "personnel records" that must be evaluated under the FOIA's "clearly unwarranted" standard.[1] Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. §25-19-105(b)(12) (Supp. 2003). I have summarized the test for determining the release of personnel records as follows:
 The FOIA . . . does not define the phrase `clearly unwarranted invasion of personal privacy.' However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a `clearly unwarranted invasion of personal privacy,' the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a clearly unwarranted invasion of personal privacy. If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998).
Op. Att'y. Gen. 2004-260 at 2.
The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001. Consequently, the test set out above must be applied on a case-by-case basis. There are, however, a number of previous Attorney General Opinions discussing the basic employment information that is the subject of the FOIA request at issue in this instance. I and my predecessors have previously opined that the names, dates of hire, job titles and salaries of public employees are subject to disclosure under the FOIA. See, e.g., Ark. Op. Att'y Gen. Nos. 2003-298, 2002-087, 95-012 and 91-351. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it. It is my opinion, similarly, that a public employee's work phone number and work e-mail address generally must be released. See Op. Att'y Gen.2004-225. The test as applied to a personal e-mail, however, generally calls for nondisclosure in my opinion given the conceivable attendant privacy interest and the likely absence of any significant public interest. Id. Assuming, therefore, that your personal e-mail address is at issue, I believe the custodian has properly declined to release that information. Additionally, as noted above, (n. 1) the custodian has correctly decided not to release your home address.
Different considerations come into play, however, if the release of your home phone number is at issue. With regard to telephone numbers, this office has consistently taken the position that unlisted telephone numbers should not be released. See Op. Att'y. Gen. Nos. 2005-004, 2002-069, and 99-054. With regard to listed numbers, I stated in Opinion No. 2003-027 that: ". . . listed telephone number[s] can also be redacted if the facts are such that [the employee] has a heightened privacy interest in this information [e.g., if it is likely to be used to harass her and its disclosure does not further the purposes of the FOIA]. SeeStilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998) and Ops. Att'y Gen. Nos. 1999-360; 99-049; 99-016." As a general matter, therefore, unless specialized circumstances indicate a heightened privacy interest in listed telephone numbers (see, e.g., Op. Att'y Gen. Nos. 2000-306
regarding police personnel and 98-097 regarding concerns inherent in the release of the telephone numbers of a particular group of retirees), those numbers, if requested under the FOIA, are not exempt from disclosure. But unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld.
Finally, with regard to the request in this instance for "shift" information, I lack sufficient facts to assess whether the custodian's decision with regard to this information is consistent with the FOIA. The applicable test is set out above. The custodian should apply the above-outlined principles of law in determining whether your "shift" information should be released, perhaps with the aid of the counsel to whom the Department of Human Resources or City normally looks for legal advice.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] An exception applies in the case of your home address, the nondisclosure of which is dictated by a separate exemption. Section25-19-105(b)(13) exempts from public inspection and copying the home addresses of non-elected state, county and municipal employees as they appear in employers' records.